UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
Darlene Dowie,                        :
                    Plaintiff,        :
                                      :     07 Civ. 9922 (PAC) (RLE)
-against-                             :
                                      :     ORDER
United States Postal, et al.,         :
                    Defendants.       :
------------------------------------- x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 0 5 2007
```

HONORABLE PAUL A. CROTTY, United States District Judge:

In reviewing the Complaint filed in this pro se matter, plaintiff Darlene Dowie ("Dowie") asserts two possible claims for relief against the United States Postal Services and its employees. Both are subject to summary dismissal.

First, to the extent Dowie raises claims arising out of the loss, tampering, and/or mishandling of mail, such claims are raised under the Federal Tort Claims Act, which generally waives sovereign immunity as to federal employees' torts. 28 U.S.C. § 2674. United States Postal Service and individual postal employees, however, are subject to an exception to that general waiver, 28 U.S.C. § 2680(b), and are immune from suit. See Dolan v. United States Postal Serv., 546 U.S. 481, 483-85 (2006).

Second, to the extent Dowie seeks the restoration of her post office box rental agreement, Plaintiff raises a claim challenging a final administrative decision of a federal agency under the Administrative Procedure Act.[1] 5 U.S.C. § 702, 704; Moore v. United States Postal Serv., No. 01

---

[1] The administrative remedies that are available to a person whose post office box rental agreement has been terminated by the United States Postal Service can be found in the Postal Service's "Domestic Mail Manual," which is available on the Postal Service's website at http://pe.usps.gov/text/dmm300/dmm300_landing.htm. Under subparagraphs 4.9.2 and 4.9.3 of section 508 of the "Domestic Mail Manual" ("DMM"), a person can file an administrative appeal of a Postmaster's determination to terminate services within 20 calendar days of notice of the Postmaster's decision. Id. The filing of such an administrative appeal stays the Postmaster's determination and transfers the matter to the Postal Service's Consumer Advocate. DMM § 508(4.9.3). The Consumer Advocate's decision is the final agency decision. Id.

Civ. 1609, 2005 WL 165386, at *10-11 (N.D.N.Y. Jan. 13, 2005), aff'd, 159 Fed. Appx. 265 (2d Cir. 2005). This claim must be dismissed because Dowie has failed to allege facts demonstrating exhaustion of administrative remedies.

By the order of this Court dated November 16, 2007, this petition was referred to Magistrate Judge Ronald L. Ellis for General Pretrial and Dispositive Motions. This referral is hereby rescinded. Accordingly, it is hereby

**ORDERED** that the Clerk of Court is directed to terminate this case.

Dated: New York, New York
       December 4, 2007

SO ORDERED

*[signature]*
PAUL A. CROTTY
United States District Judge

Copies mailed to:

Darlene Dowie
95 East Mosholu Parkway North
Apt # 4G
Bronx, NY 10467

2